UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HEATHER M.G.,**

                         **Plaintiff,**

          v.                                      5:21-CV-863
                                                        (FJS/DEP)

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210      **ALEXANDER C. HOBAICA, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **HEATHER M. LACOUNT, ESQ.**
6401 Security Boulevard
Baltimore, Maryland
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER[1]

### I. INTRODUCTION

      Pending before the Court is Plaintiff's objection to Magistrate Judge Peebles' August 31, 2022 Report and Recommendations. *See* Dkt. No. 24. In his Report and-Recommendations, Magistrate Judge Peebles addressed Plaintiff's arguments that "the ALJ's mental RFC finding [was] not supported by substantial evidence because the ALJ [had] erred when weighing the

---

[1] All references to page numbers in the Administrative Record, *see* Dkt. No. 9, are to the Bates Stamp numbers located in the bottom right corner of those pages. All references to page numbers of other documents filed with the Court are to the page numbers that the Court's ECF system generates, which are located in the top right corner of those pages.

opinion evidence from treating therapist Marcus Smith, Dr. Gregory Faughnan, and Dr. Lynne Humphrey." *See* Dkt. No. 23, Report-Recommendation.

After thoroughly addressing Plaintiff's arguments, Magistrate Judge Peebles recommended that the Court (1) deny Plaintiff's motion for judgment on the pleadings, (2) grant Defendant's motion for judgment on the pleadings, (3) affirm the ALJ's decision, and (4) dismiss Plaintiff's complaint. *See* Dkt. No. 23 at 32.

Plaintiff filed a single objection to Magistrate Judge Peebles' recommendations. *See* Dkt. No. 24. In support of her objection, Plaintiff argued that Magistrate Judge Peebles had erred in finding that the ALJ properly evaluated the opinion evidence of record. *See, generally,* Dkt. No. 24. Specifically, Plaintiff contended that Magistrate Judge Peebles' finding that "'whether the new regulations or the former regulations apply is nonetheless immaterial, as the ALJ's findings were sufficient under both versions,'" *see* Dkt. No. 24 at 1 (citing Dkt. No. 23 at 13), was in error because "whether or not the prior regulations apply significantly alters the outcome of the ALJ's decision." *See id.* Therefore, Plaintiff argued that "the question whether the ALJ applied the correct legal standard [was] material" because "the question of whether or not the treating physician rule applied [was] material to the ALJ's decision." *See id.* at 2.

In response to Plaintiff's objection, Defendant argued that Magistrate Judge Peebles "correctly found that the ALJ properly declined to reopen [Plaintiff's] prior application" and, therefore, "the ALJ properly evaluated this claim under the new rules applicable to claims -- such as Plaintiff's . . . -- filed on or after March 27, 2017. . . ." *See* Dkt. No. 25 at 1 (internal citations omitted). Furthermore, Defendant contended that, because Plaintiff did not argue in her initial brief that the ALJ erred in declining to reopen her prior claim or that the old rules applied, those issues should be considered waived. *See id.* (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117

(2d Cir. 1998); (D. Br. 3 n.3) (citing sources)).  Finally, Defendant asserted that, "even if the ALJ erred, remand [was] unwarranted."  *See id.* at 3.  Defendant explained that "'[t]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination,' *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); and "[w]here Plaintiff has not met her burden of showing she was harmed as a result of the ALJ's purported error, she has not established entitlement to relief."  *See id.* at 3-4 (citing *Pritchard v. Colvin*, No. 13-945, 2014 WL 3534987, at *9 (N.D.N.Y. July 17, 2014) (providing that an incorrect application of the regulation is harmless error if correct application would not contradict the ALJ's ultimate decision); *contra Rucker*, 2022 WL 4074410, at *4 (remanding because the ALJ's error was not harmless in that proper application of the rules may have changed the ultimate decision)).

## II. DISCUSSION

**A.     Standard of review**

When a court reviews a magistrate judge's recommendations, its review is *de novo* as to those recommendations to which a party objects, *see Ortiz v. Kijakazi,* No. 6:20-CV-1398 (LEK/ATB), 2022 WL 4363963, *3 (N.D.N.Y. Sept. 21, 2022), and for clear error or manifest injustice as to those recommendations to which a party does not object or makes only conclusory or general objections, *see Linares v. Mahunik*, No. 9:05-CV-625 (GTS/RFT), 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted); *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After conducting its review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Linares*, 2009 WL 3165660, at *10 (quoting 28 U.S.C. § 636(b)(1)(C)).

**B.     The weight afforded to the opinion of Drs. Faughnan and Humphrey**

Magistrate Judge Peebles noted, as an initial matter, that Plaintiff argued in her brief that there was some uncertainty as to whether the former regulations regarding the evaluation of opinion evidence or the revised regulations, which took effect for all applications filed on or after March 27, 2017, applied to this case.  *See* Dkt. No. 23 at 11.  Magistrate Judge Peebles acknowledged that the ALJ's decision was not a model of clarity on this point.  *See id.*  However, Magistrate Judge Pebbles stated that, "notwithstanding those notations [in the ALJ's decision] of May 14, 2015, as the filing date, the ALJ explicitly stated on the first page of her decision that she was denying plaintiff's request to reopen that application[.]"  *See id.* at 12.  Nonetheless, "[a]lthough these contrary findings create an inconsistency in the ALJ's decision, [Magistrate Judge Peebles found] that they [did] not require remand because, most importantly, the rules regarding reopening such a remote application strictly require a finding that the previous determination was obtained by fraud or similar fault, and there [was] simply nothing to suggest that those conditions existed, and indeed the ALJ explicitly found that they did not."  *See id.*  Therefore, Magistrate Judge Peebles concluded that, "[b]ecause the overall circumstances suggest that the ALJ did not intend to reopen the prior application and that her citation to or use of the prior application filing date was the product of a scrivener's error, the applicable application date is January 3, 2019 and, accordingly, the amended regulations apply."  *See id.* at 12-13 (footnotes omitted).

The Court agrees with Magistrate Judge Peebles' finding that "the ALJ's decision is not exactly a model of clarity [regarding the issue of whether the ALJ applied the old regulations or the new regulations]."  *See* Dkt. No. 23 at 11.  However, the Court also concludes, as Magistrate Judge Peebles did, that, "[b]ecause the overall circumstances suggest that the ALJ did not intend

to reopen the prior application and that her citation to or use of the prior application filing date was the product of a scrivener's error, the applicable application date is January 3, 2019 and, accordingly, the amended regulations apply. *See id.* at 12-13. This conclusion is bolstered by the fact that, in the very first paragraph of her decision, the ALJ states, "On **January 3, 2019**, [Plaintiff] filed an application for supplemental security income, alleging disability beginning January 26, 2018." *See* AR at 14 (emphasis added). When viewed in conjunction with the ALJ's explicit denial of Plaintiff's motion to reopen her previous claim, *see* AR at 14, it is clear that the ALJ considered Plaintiff's new application, filed on January 3, 2019, as the operative application and, therefore, correctly applied the new regulations when evaluating the opinion evidence.[2]

Plaintiff's objection to Magistrate Judge Peebles' recommendation is based in large part on her argument that, if the ALJ had applied the old regulations and evaluated the opinion of Drs. Faughnan and Humphrey[3] under the treating physician rule, "the ALJ's evaluation would not be acceptable under [that] rule." *See* Dkt. No. 24 at 2-3.[4]

---

[2] Moreover, having completed its *de novo* review of the record, the Court agrees with Magistrate Judge Peebles that, "whether the new regulations or the former regulations apply is . . . immaterial, as the ALJ's findings were sufficient under both versions." *See id.* at 13 n.5.

[3] It is not clear from the record that Dr. Humphrey ever treated Plaintiff. The record indicates only that, in her capacity as a supervising physician, Dr. Humphrey signed the Medical Source Statement that Dr. Faughnan completed. *See* Dkt. No. 9, Administrative Record ("AR") at 1551, 1552, 1553. Therefore, for ease of reference, the Court will refer to this co-signed opinion evidence as "Dr. Faughnan's opinion."

[4] In her initial brief, Plaintiff stated that, "since the ALJ considered the relevant period to begin with Plaintiff's previous application date of May 14, 2015, it is unclear whether the new or past regulations take precedent." *See* Dkt. No. 14 at 15. However, she noted that, because the ALJ "stated how 'persuasive she found the opinion evidence,'" "it appear[ed] the ALJ followed the new regulations." *See id.* The Court notes, however, that Plaintiff did not argue that it was error for the ALJ to apply the new regulations.

Specifically, Plaintiff contends that the ALJ erred when she concluded that she did not find Dr. Faughnan's opinion persuasive "because it is based on [Plaintiff's] subjective report rather than objective analysis and is inconsistent with the totality of the evidence.'" *See* Dkt. No. 24 at 2 (quoting T 28). Plaintiff asserts, however, that "'[p]sychiatric testing is inherently based on subjective reports. A medical diagnosis will often be informed by the patient's subjective description of his or her symptoms.'" *See id.* (quoting *Rucker*, No. 21-621-CV, 2022 WL 4074410, at *4). Thus, Plaintiff contends that "[t]he fact that [Dr. Faughnan] utilized Plaintiff's subjective complaints in formulating [his] opinion is not a good reason for rejection." *See id.* (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) ("The fact that Dr. Helfand also relied on Green-Younger's subjective complaints hardly undermines his opinion as to her functional limitations, as a patient's report of complaints, or history, is an essential diagnostic tool.")).

The ALJ noted that, in May 2020, Dr. Faughnan "opined that [Plaintiff's] ability ranged from serious limitations to unable to meet competitive standards in over half the areas evaluated in mental abilities and aptitude needed to do particular job types." *See* AR at 28. Dr. Faughnan then noted that "overall" Plaintiff had "'not worked since I have known her, disability appears minor.'" *See id.* (citing Exhibit C31F). The ALJ noted that Dr. Faughnan also found that Plaintiff "would be off task 10% of the workday and absent from work about 2 days per month." *See id.* (citing Exhibit C31F). However, the ALJ stated that "Dr. Faughnan's accompanying office note related that [Plaintiff] presented to complete disability paperwork related to her depression/anxiety/PTSD. He discussed [Plaintiff's] various conditions and current medical treatment at length with her. He noted that she was currently following with a therapist." *See id.* "Dr Faughnan concluded that [Plaintiff] appeared to have only moderate deficits when working,

but noted that she had not worked in some time.  He determined he would fill out the paperwork based on her responses and then forward same to Elizabeth McNany, M.D. for review and co-signature." *See id.* (citing Exhibit C34F, page 31)."  The ALJ concluded that she did "not find Dr. Faughnan's . . . opinion persuasive because it [was] based on [Plaintiff's] subjective report rather than objective analysis and is consistent [sic][5] with the totality of the evidence." *See id.*  Therefore, the ALJ found that "Dr. Faughnan's . . . estimates as to time off task and absences from work [were] speculative at best [and, therefore, she] rejected [them]." *See id.*

      Although Plaintiff is correct that a physician may rely on a patient's reported complaints in formulating his or her opinion, that is not what Dr. Faughnan did in this case.  The record clearly indicates that, in his notes summarizing an office visit on May 12, 2020, Dr. Faughnan indicates that  Plaintiff "present[ed] for visit to complete disability paperwork related to her depression/anxiety/PTSD.  I discussed [P]laintiff's various conditions and current medical treatment at length with her.  She is currently following with a therapist.  She appears to have only moderate deficits when working but she has not worked in some time.  *Will fill out the paperwork based on her responses*.'" *See* AR at 1629 (emphasis added).  Thus, contrary to Plaintiff's assertions, Dr. Faughnan did not simply rely on Plaintiff's subjective complaints in forming his opinion, he filled out the form that Plaintiff had brought to that office visit based solely on her responses to his questions.  Finally, there is nothing in the record to indicate that Dr. Faughnan engaged in any independent testing or evaluation of Plaintiff's subjective complaints before completing the paperwork that Plaintiff provided.  Therefore, the Court

---

[5] It is clear from the ALJ's explanation that she intended to state that she did not "find Dr. Faughnan's opinion persuasive because it is based on the claimant's subjective report rather than objective analysis and is **inconsistent** with the totality of the evidence." *See* AR at 28.  Thus, her use of the word "consistent" in this sentence is due to a scrivener's error.

concludes, upon its *de novo* review, that there is substantial evidence in the record to support the ALJ's conclusion that Dr. Faughnan's opinion was not persuasive.

### III. CONCLUSION

Accordingly, having reviewed *de novo* those parts of Magistrate Judge Peebles' Report and Recommendations to which Plaintiff objected and for clear error those parts of Magistrate Judge Peebles' Report and Recommendations to which Plaintiff did not object, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendations, *see* Dkt. No. 23, is **ACCEPTED in its entirety** for the reasons stated therein as well as the above-stated reasons; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: September 26, 2022
    Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge